IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. 4:13-CR-195-ALM-CAN-1 |
| CREIG ROMUN ALEXANDER (1) | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 8, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by William Tatum.

On September 19, 2014, United States District Judge Marcia A. Crone sentenced Defendant to a term of forty-six (46) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 39. On March 22, 2017, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 45. On January 27, 2021, the term of supervised release was revoked, and Defendant was sentenced to ten (10) months imprisonment followed by one (1) year of supervised release. *See* Dkts. 56, 57, 58. On November 4, 2021, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 58.

On October 26, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 58). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state or

1

local crime; (2) Defendant must not unlawfully possess a controlled substance; (3) Defendant must refrain from any unlawful use of a controlled substance; (4) Defendant must report to the probation officer as instructed; (5) and Defendant must participate in a program of testing and treatment for drug abuse, follow the rules and regulations of that program until discharged, and must pay any cost associated with treatment and testing. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On October 9, 2022, Defendant was arrested by Sherman Police Department for Manufacture Delivery of a Controlled Substance Penalty Group 1 More Than 4 Grams Less Than 200 Grams (2nd Degree Felony) and Possession of a Controlled Substance Penalty Group 1 Less Than One Gram (State Jail Felony). According to the Incident Report, Sherman Police Department conducted a traffic stop of Defendant, conducted a probable cause search of the vehicle, and found the following: a clear plastic bag containing approximately 85.10 grams of a white crystal-like substance; a clear plastic bag containing approximately 15.49 grams of a white crystal-like substance; a small Ziplock style bag containing approximately 0.55 grams of a white crystal-like substance; a small Ziplock style bag with no contents; and a small Ziplock style bag containing 0.79 grams of a thick brown substance. On or about June 12, 2022, Defendant was cited for Possession or Delivery of Drug Paraphernalia, a Class C Misdemeanor, and Speeding.
- On October 9, 2022, Defendant possessed one or more controlled substances, as evidenced by his arrest for Possession of a Controlled Substance. On or about January 5, 2022, Defendant possessed methamphetamine, as evidenced by verbal and written admission to using methamphetamine.
- On or about January 5, 2022, Defendant used methamphetamine, as evidenced by verbal and written admission to using methamphetamine.
- Defendant failed to submit a monthly report by the fifth day of the month for the following months: October 2022; August 2022; and July 2022. Defendant did not submit a report at all in September 2022.
- On February 28, 2022, Defendant failed to report to the United States Probation Office to submit a urine specimen, as instructed.

On November 8, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 69. Defendant entered a plea of true to allegations two through five, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 69, 70. Defendant entered a plea of true to allegation 2 only as to the second portion of the allegation which states: "On or

about January 5, 2022, [Defendant] possessed methamphetamine, as evidenced by verbal and written admission to using methamphetamine," Dkt. 58. *See* Dkt. 69. The Government moved to withdraw allegation 1 and the first portion of allegation 2, which states: "On October 9, 2022, [Defendant] possessed one or more controlled substances, as evidenced by his arrest for Possession of a Controlled Substance," Dkt. 58, which the Court granted. *See* Dkt. 69. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 8, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no supervised release to follow. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 9th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE